IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABIRA MEDICAL LABORATORIES, LLC, d/b/a GENESIS DIAGNOSTICS, | : : : | |
| Plaintiff, | : : | Civil Action |
| v. | : : | No. 24-412 |
| VANTAGE HEALTH PLANS, INC., et al., | : : | |
| Defendants. | : : : | |

## MEMORANDUM

**J. Younge**                                                                                                                    **April 4, 2024**

### I.   INTRODUCTION

Currently before this Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim. (ECF No. 12.)[1] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, this Motion is Granted.

### II.   FACTUAL BACKGROUND

Plaintiff Abira Medical Laboratories LLC d/b/a Genesis Diagnostics (hereinafter "Genesis") is a New Jersey limited liability company that holds a medical laboratory testing license from and a principal place of business in Pennsylvania. (Complaint ¶ 7, ECF No. 1; Abraham Miller Decl. ¶ 8, ECF No. 18-1.) Defendant Vantage Health Plans, Inc. (hereinafter "Vantage") is a Louisiana corporation that provides health insurance plans to its subscribers. (Complaint ¶ 8.) Plaintiff provides clinical laboratory testing services from its office in

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

Pennsylvania and provided these services to certain of Defendant's subscribers pursuant to an alleged contract between the Parties. (Complaint ¶¶ 1, 30-36.) There is no written contract. Instead, certain patients covered by Defendant's insurance policies were referred to Plaintiff by medical service providers that represented (1) that they are members of the Defendant's network of medical service providers and (2) that "they had the authority on behalf of Defendant to refer those patients to" Plaintiff. (Miller Decl. ¶ 17.) All invoicing for the laboratory testing services provided by Plaintiff is billed either directly to the patient, the patient's third-party insurer, or to Medicare/Medicaid. (Miller Decl. ¶ 11.) Plaintiff alleges that it submitted proper claims for services rendered to these patients to Defendant pursuant to the alleged contract and that Defendant's refusal to process and pay those claims constituted a breach of that contract. (Miller Decl. ¶¶ 27-33.)

As there is no written contract between the Parties, Plaintiff instead contends that one was created when Defendant's subscribers executed an assignment of benefits "with respect to the original requisitions for services submitted by their attending medical service providers . . . in favor of Genesis" and later received services. (Miller Decl. ¶ 18.) This, Plaintiff argues, allowed Genesis to "slid[e] into the shoes of each patient, and contracts were effectively created between Genesis and Defendants with respect to each of the patients" they performed services for. (Miller Decl. ¶ 19.)

Plaintiff filed its Complaint in state court on December 19, 2023, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent and negligent misrepresentation, equitable and promissory estoppel, unjust enrichment, and violations of the Unfair Trade Practices and Consumer Protection Act, 73 P.S. 201-1, *et seq.*. (*See* ECF No. 1, Ex. A.) Defendant filed its Notice of Removal on January 29, 2024 pursuant to 28 U.S.C. §§

1332, 1441, and 1446. (*See* ECF No. 1.) On March 6, 2024, Defendant filed its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), arguing that this Court lacks personal jurisdiction over Defendant and that Plaintiff has not sufficiently pled the existence of a contract. (ECF No. 12.)

**III.    LEGAL STANDARD**

Upon the filing of a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating the facts establishing jurisdiction. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). Federal courts generally follow state law when determining whether they have personal jurisdiction over a defendant. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). Pennsylvania's long-arm statute provides for jurisdiction "based on the most minimum contact with the Commonwealth allowed under the Constitution," such that the Fourteenth Amendment's Due Process Clause sets the outer boundaries of personal jurisdiction. 42 Pa. C.S. § 5322(b); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). General personal jurisdiction is found when a corporation's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State," *Goodyear*, 564 U.S. at 919 (internal quotations omitted), while specific personal jurisdiction is found when the suit "arise[s] out of or relate[s] to the defendant's contacts with the forum," *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014).

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendant is liable for the alleged misconduct.

### IV.  DISCUSSION

This Court relies on the similar logic and reasoning expressed in its March 19, 2024 Memorandum Granting Defendant's Motion to Dismiss for Lack of Personal Jurisdiction in *Abira Medical Laboratories LLC, v. Molina Healthcare of Florida, Inc.*, docketed at 24-cv-506-JMY, in finding that it lacks either general or specific personal jurisdiction over these Defendants. A court may assert general jurisdiction over corporations when they are considered "essentially at home in the forum state," *Goodyear*, 564 U.S. at 919, and this condition is generally limited to the state of incorporation and the principal place of business, *Daimler*, 571 U.S. at 137. In exceptional circumstances, general jurisdiction may exist where a corporation's "operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *Id.* at 139 n.19. Here, however, the Defendant is incorporated in Louisiana and does no business whatsoever in Pennsylvania. (Chelle Cupit Decl., ¶¶ 3-12, ECF No. 12-2.) As articulated more fully below, Plaintiff has additionally failed to allege that Defendant had contacts with Pennsylvania that were "substantial" enough as to

reasonably render it at home in this forum. Consequently, Plaintiff has failed to establish general personal jurisdiction over these Defendants.

The Defendant's alleged contacts with Pennsylvania are insufficient to support this Court's exercise of specific jurisdiction. The exercise of specific jurisdiction requires that "the defendant's suit-related conduct . . . create[d] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The defendant itself must have been the orchestrator of this contact. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Specific jurisdiction exists where the (1) the defendant "purposefully directed [its] activities," (2) the litigation "arise[s] out of or relate[s] to at least one of those activities," and (3) the exercise of jurisdiction "otherwise comports with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel*, 496 F.3d 312, 317 (3d Cir. 2007) (internal quotations omitted). The minimum contacts necessary to support the exercise of specific jurisdiction do not include the "'random, fortuitous, or attenuated' contacts [that the defendant made] by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (quoting *Burger King*, 471 U.S. at 475).

Here, the only alleged contacts supporting the exercise of jurisdiction over Defendant is its members' physicians' decision to utilize Plaintiff's laboratory testing services in Pennsylvania. Multiple courts in the Third Circuit, including this one, have considered this argument under the same facts and found that they lacked jurisdiction.[2] A patient's physician's

---

[2] *See Abira Med. Lab'ys, LLC v. Molina Healthcare of Florida, Inc.*, No. 24-cv-506, 2024 WL 1182855 (E.D. Pa. Mar. 19, 2024) (finding that a third-party referring physician's unilateral activity is insufficient to establish personal jurisdiction over defendant); *Abira Med. Lab'ys, LLC v. Johns Hopkins Healthcare LLC*, No. 2:19-cv-05090-AB, 2020 WL 3791565, at *5 (E.D. Pa. July 7, 2020) ("[Defendant]'s contacts with Pennsylvania are the result of the 'unilateral activity of another party,' its insured members' physicians, and 'is not an appropriate consideration'") (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)); *Abira Med. Lab'ys, LLC v. Humana Inc.*, No. 22-cv-06190, 2023 WL 3052308, at *3-4 (D. N.J. Apr. 24, 2023) (finding that plaintiff had failed to establish facts showing how defendant's purported

5

decision to utilize services in Pennsylvania is the type of third-party "unilateral activity" that should not subject a defendant to jurisdiction in a forum that it itself had not created any contact with. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).  That the referring physicians happened to be part of Defendant's network of medical providers is insufficient to show that Defendant itself established contact with Pennsylvania.  As such, this Court finds that it lacks personal jurisdiction over the Defendant.

As this Court has found that it lacks personal jurisdiction over Defendant, it declines to consider whether Plaintiff has properly pled its claims under Rule 12(b)(6).

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is Granted.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

---

business partners' actions gave rise to the required minimum contacts or to the claims alleged); *Abira Med. Lab'ys, LLC v. Cigna Health and Life Ins. Co.*, No. 22-cv-6408, 2023 WL 4074081 (D. N.J. June 16, 2023) (finding that allegations that Defendant merely transacted business in New Jersey was insufficient to establish that the claims made arose out of conduct in New Jersey).  Notably, New Jersey's long-arm statute also "provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004).